379 So.2d 852 (1980)
Shelly Blake, Wife of/and Lawrence J. ERNST
v.
H. H. BURSTEIN ENTERPRISES, INC., and Bel Air Development Corporation.
No. 10659.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1980.
Rehearing Denied February 20, 1980.
Satterlee, Mestayer & Freeman, A. D. Freeman, New Orleans, for plaintiffs-appellees.
Faris, Ellis, Cutrone, Gilmore & Lautenschlaeger, Camille A. Cutrone, New Orleans, for defendants-appellants.
Before GARRISON, CHEHARDY and STOULIG, JJ.
CHEHARDY, Judge.
Plaintiffs, Mr. and Mrs. Lawrence Ernst, purchased a lot in Tall Timbers Subdivision in the City of New Orleans and had an architecturally designed home built. Some time later, defendant corporations, H. H. Burstein Enterprises, Inc., and Bel Air Development Corporation, constructed for resale two residences on lots which partially abut the Ernst tract on the rear property line. Mr. and Mrs. H. H. Burstein own all the stock in both corporations. In filling these lots an 18-inch differential was created between the level of Burstein and that of Ernst where the properties meet, thus causing a water flow problem on the lower Ernst tract.
In this suit plaintiffs sought reimbursement for expenditures they made in an attempt to remedy the problem, damages for lost flowers, and for loss of use and enjoyment because of the problem. Further, they prayed for an order requiring Burstein to build a retaining wall across the rear of the two lots that abut the Ernst property.
The trial court rendered judgment awarding Mr. and Mrs. Ernst $1,500 each damages for loss of enjoyment of their property and annoyance and ordered construction of the retaining wall requested by plaintiffs in accordance with specifications made by an engineer who appeared as an expert on plaintiffs' behalf. The trial judge denied the other damages because he concluded plaintiffs failed to adequately prove causation. Only defendants have appealed.
The questions before us are whether the trial court properly concluded as a matter of fact that Burstein used his property in *853 such a manner as to create a drainage problem to plaintiffs; and, if we answer this affirmatively, are they entitled to the relief granted?
From the lay and expert testimony in the record, without delineating the contested areas, we make these factual conclusions: Lawrence and Shelly Ernst bought a lot in Tall Timbers when there were no other houses constructed in the square where they ultimately built; at this time there was no significant difference in the level of their lot and the properties abutting their rear property line; the Ernst home fronts on Pin Oak Avenue and the Burstein properties front on Inwood Avenue with Pin Oak and Inwood being parallel boundaries of the common square in which the tracts or lots involved are situated; the City of New Orleans building regulations establish a slab must be a minimum of 18 inches above the curb grade; the Ernst home has an elevation of 3.76 feet and the Burstein properties have an elevation varying between 5 and 5.20 feet; at the rear property line on the Ernst tract the elevation between plaintiffs' and Burstein's land is between 1.24 and 1.67 feet higher on the defendants' side; Burstein created the lopsided terrain by filling his lot to an average 18-inch level above that of the plaintiffs; the engineering division of the Department of Streets of the City of New Orleans ordered Burstein to correct this condition to no avail; and the Ernsts have been annoyed and aggravated with this flow of water from the Burstein lots for many years.
The evidence further establishes that Ernst tried to correct the problem by building a fence along the property line with a concrete footing and this relieved the problem until a Mr. Thoes bought the property behind him and installed a cinder block wall along his rear property line to level out his lot. Of course in raising the level of the rear abutting lot in this manner, the water again began to drain on the Ernst property because the retaining wall built by Ernst was lower than the concrete block installation of Thoes.
Based on these facts the trial court concluded the water flow complained of by plaintiffs did in fact exist and had been caused by Burstein filling his lot to a higher level. The court also found that Ernst did not create or contribute to the problem by building his house at an elevation that was too low.
Our review of the factual finding of the trial court is limited to an inquiry as to whether the result reached was clearly wrong. Arceneaux v. Domingue, La., 365 So.2d 1330 (1978); and Canter v. Koehring Company, La., 283 So.2d 716 (1973). In this case we conclude there is no manifest error in the factual conclusion reached by the trial judge.
This then brings us to a consideration of what liability the law imposes on the defendants. C.C. art. 667 provides the owner of land may do on his estate whatever he pleases subject to the limitation that he cannot cause his neighbor damage in so doing. C.C. art. 668 states that the neighbor may be put to some inconvenience which, while annoying, does not actually damage the adjoining property.
In this case we are dealing with a situation that has both damaged and inconvenienced the complaining plaintiffs. Thus we find inapposite the cases cited by appellants to the effect that a mere inconvenience created by a neighbor is not compensable.
In Moreland v. Acadian Mobile Homes Park, Inc., 313 So.2d 877 (La.App.2d Cir. 1975), the court recognized that the neighbor who damages a plaintiff's property may be assessed monetary damages and ordered to correct the offending condition where possible. In Moreland, as in this case, the court awarded $1,500 to each plaintiff for emotional distress. Considering the length of time plaintiffs have endured this situation and further that they have attempted to remedy it with no cooperation from defendants, we find the award nominal.
However, we find the main objective of plaintiffs' suit is to remedy the situation once and for all time; thus that part of the judgment ordering the retaining wall constructed *854 across the rear property line of the Burstein tracts accomplishes this purpose. In this connection we note that the present residents in the Inwood Avenue properties affected who derived titled by mesne conveyances from defendant Bel Air are willing to permit the necessary construction. Until the structure specified by the engineering expert to remedy the problem is erected, the damage to plaintiffs will continue. We conclude the judgment is proper.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.