509 So.2d 743 (1987)
Allen FORTSON, Jr., Plaintiff-Appellee,
v.
LOUISIANA POWER & LIGHT COMPANY, Defendant-Appellant.
No. 86-596.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
*744 Theuse, Girsham, et al., Thomas G. Zentner, Jr., and Ronald L. Davis, Jr., Monroe, for defendant-appellant.
Gaharan and Wilson, Joseph Wilson, Jena, for plaintiff-appellee.
Before GUIDRY and FORET, JJ., and CULPEPPER, J. Pro Tem.[*]
WILLIAM A. CULPEPPER, Judge, Retired, Pro Tem.
The sole issue in this appeal is whether the awards for property damages and general damages were excessive.
Plaintiff, Allen Fortson, Jr., sued defendant, Louisiana Power and Light Company, for damages for the destruction of items in his home caused by an extraneous power surge. Defendant was performing certain repair work in the vicinity of plaintiff's home, and admitted liability. The sole issue before the trial court was the amount of damages that were caused by the power surge. The trial judge awarded $1,892.45 as items of special damages and $3,500.00 as general damages for mental anguish. From this judgment, defendant appealed, asserting that the trial court erred (1) in awarding the amounts for special damages without considering reasonable depreciation; and (2) in awarding an excessive amount of general damages to the plaintiff. We affirm.

FACTS
On the morning of November 12, 1984, defendant's employees were performing certain repair work near plaintiff's home in Jena, Louisiana, when an extraneous power surge occurred. As plaintiff turned into his driveway, he observed sparks and smoke coming from electrical outlets, wiring, and electrical appliances located on his carport. Plaintiff noticed that his battery charger was smoking, and pulled it out of the plug. When plaintiff entered the house, he found that an electric clock had been damaged and some light bulbs were knocked out. He also discovered that his entertainment center, a single unit containing a television, stereo record player and AM-FM radio, was severely damaged. One of defendant's employees advised plaintiff to turn off the main breaker switch to his home. Plaintiff pulled the switch, in fear that his home would otherwise be destroyed by fire.

DAMAGES
Defendant first contends the trial court erred in not considering any depreciation factors. At trial, plaintiff stated that the battery charger was "a couple of years old," the clock was two or three years old, and the television center was at least fifteen years old. A television and audio equipment dealer, who examined plaintiff's entertainment center, testified that the set cost approximately $1,400.00 at the time of purchase. He further testified that, under his appraisal system, the set would have depreciated ten percent the first year and five percent each year thereafter. Another television dealer, who used a different method of depreciation, testified that by depreciating the unit at $100.00 per year, he would appraise the present value at $200.00 to $300.00.
Generally, three approaches have been utilized by Louisiana courts in determining property damage:
"(1) the cost of restoration if the thing damaged can be adequately repaired; (2) the difference in value prior to and following the damage; or (3) the cost of replacement new, less reasonable depreciation, if the value before and after the damage cannot be reasonably determined, or if the cost of the repairs exceeds the value of the thing damaged."
Carter v. Gulf States Utilities Co., 454 So.2d 817, 820 (La.App. 1 Cir.1984); Kalmn, Inc. v. Empiregas Corp., 406 So.2d 276 (La.App. 3 Cir.1981). The trial judge determined that the factual situation in this case did not fit any single one of the approaches set forth in Carter. Instead, the court applied a "modification of the *745 costs of restoration" approach, and awarded damages for the television of $1,800.00.
There is no formula which can be applied with exactitude in the assessment of property damages. Each case must rest on its own facts and circumstances as supported by proof in the record. Coleman v. Victor, 326 So.2d 344 (La.1976); Broome v. Gauthier, 443 So.2d 1127 (La.App. 4 Cir. 1983), writ den., 445 So.2d 449 (La.1984). Where there is a legal right to recovery of damages but the amount cannot be exactly determined, the courts have reasonable discretion to assess them based upon all the facts and circumstances of the particular case. Emerson v. Empire Fire & Marine Ins. Co., 393 So.2d 691 (La.1981); J.B. LaHaye Farms v. La. Dept. of Highways, 377 So.2d 1286 (La.App. 3 Cir.1979), writ den., 381 So.2d 1222 (La.1980).
The record shows that the original cost of the entertainment center was approximately $1,400.00. A television dealer estimated the cost of repairs at $2,500.00 to $3,200.00. Prices for a new entertainment center comparable to plaintiff's ranged from $1,400.00 to $1,684.00. The depreciation approaches suggested by the witnesses in this case would render the television virtually worthless. The trial judge emphasized that the entertainment center was of particular value to the plaintiff, since the unit was built into a solid wood cabinet, which fit in with the decor of the home, and the television was working perfectly.
The function of an appellate court in reviewing a damage award is not to decide what it considers an appropriate award on the basis of the evidence but rather only to determine whether the trial court abused its much discretion. Kalmn, supra. As we find that the trial judge adequately considered the facts and circumstances in the case before determining the award for property damages, we find no abuse of the trial judge's discretion.
Defendant also contends that the plaintiff's award for general damages based on mental anguish is excessive, since the entire disturbance lasted only a few moments and involved minimal inconvenience and worry to the plaintiff.
It is well established that recovery for mental anguish is allowed where there has been damage to the plaintiff's property at a time when the plaintiff is present or situated nearby and he experiences trauma as a result thereof. Carroll v. State Farm Ins. Co., 427 So.2d 24 (La.App. 3 Cir.1983); Broome, supra. In reviewing an award of damages, the question is whether the award of damages could be reasonably supported by the evidence and justifiable inferences from the evidence before it. Augustine v. Dickenson, 406 So.2d 306 (La.App. 3 Cir.1981).
Plaintiff testified that he arrived at his home just as the surge occurred, and feared that his house was on fire. He also went through the fear of pulling the main breaker switch after the incident without any special training as to the possible dangers of his actions. He was also concerned about the safety of his wife, who was present in the house which was full of smoke.
The trial judge determined that the plaintiff suffered emotional distress as a result of the incident, and awarded him $3,500.00 in general damages. In the assessment of general damages, much discretion must be left to the trial court. Venable v. Credeur, 404 So.2d 312 (La.App. 3 Cir.1981). Appellate courts will not disturb damage awards in the absence of manifest abuse of discretion by the trier of fact. Fuselier v. La. Farm Bureau Mut. Ins., 458 So.2d 657 (La.App. 3 Cir.1984). In this case, we find that the trial court erred in its assessment of the award for general damages.
In Meyers v. Basso, 381 So.2d 843 (La. App. 1 Cir.1980), writ den., 384 So.2d 794 (La.1980), the court held that an award of $5,000.00 for mental anguish resulting from damages to plaintiff's houseboats was grossly excessive, and reduced it to $1,000.00. The court emphasized the fact that although the evidence suggested that the plaintiff was excited and upset during this incident, the record did not establish that he sought medical help for this psychic trauma nor did the record show any independent testimony concerning the extent of *746 any mental anguish which he might have received.
The court in Smith v. Town of Logansport, 395 So.2d 888 (La.App. 2 Cir.1981), writ den., 400 So.2d 1379 (La.1981), reached a similar result. In Smith, the court reduced an award of $5,000.00 for mental anguish resulting from damages to plaintiff's store to $1,500.00. The court noted that the only mental anguish plaintiff testified to was worry over her husband's condition, and that she never saw a doctor for any problem.
Applying this reasoning to the present case, we find that the award of $3,500.00 for general damages is clearly excessive. The record reflects that any mental anguish suffered by the plaintiff was temporary, and that he did not show any long-term, adverse effects from the incident. Accordingly, we reduce the award for mental anguish to $1,000.00.
For the foregoing reasons, the judgment of the trial court is amended to reduce the general damages to $1,000.00, and, as amended, is affirmed. All costs are assessed against defendant-appellant.
AMENDED AND AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.