610 So.2d 195 (1992)
WOODMEN OF the WORLD LIFE INSURANCE SOCIETY, Plaintiff-Appellant,
v.
Mrs. Jessie J. HYMEL, Defendant-Appellee.
No. 91-1336.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1992.
Writ Denied February 11, 1993.
*196 Donald R. Jory, Jennings, for plaintiff-appellant.
Bennett R. Lapoint, Lake Arthur, for defendant-appellee.
Before LABORDE, THIBODEAUX and CULPEPPER[*], JJ.
WILLIAM A. CULPEPPER, Judge, pro tem.
This suit began as a concursus. The insured, Mr. Hymel, had a life insurance policy with Woodmen of the World Life Insurance Society, which named his wife as beneficiary. He later increased the amount of the policy limits and substituted his mother as beneficiary. After the death of the insured, the insurer deposited the proceeds of the policy into the registry of the court, citing the widow and the mother as claimants. The mother reconvened seeking damages for the insurer's negligence in executing the change of beneficiary. The reconventional demand was severed. The proceeds of the policy were awarded to the mother by the court of appeal, 544 So.2d 664 (La.App. 3 Cir.1989), writ denied, 551 So.2d 629 (La.1989). After a subsequent trial of the reconventional demand, the lower court found the insurer negligent and awarded the mother damages. From that judgment, both the mother and the insurer appeal.

FACTS
Prior to December 9, 1985, Billy Wayne Hymel purchased a life insurance policy written by plaintiff, Woodmen of the World Life Insurance Society, hereinafter Woodmen, with a face value of $25,000.00. His wife, Zan Hymel, was named beneficiary. On December 9, 1985, Mr. Hymel executed an insurance application to increase the policy to $80,000.00, with his wife remaining as beneficiary. Prior to April 24, 1986, Billy Wayne Hymel and Zan Hymel physically separated. On April 24, 1986, Mr. Hymel applied to Woodmen to increase the amount of insurance by an additional $150,000.00 and named his mother, Jessie Hymel, as the primary beneficiary. A new policy for $230,000.00 was issued naming Jessie Hymel as primary beneficiary. Mr. Hymel died on July 11, 1986.
Both Zan Hymel and Jessie Hymel made claims to the proceeds of the insurance policy. Woodmen deposited the $230,00.00 in the registry of the court and invoked a concursus proceeding, citing the widow and the mother as claimants. Zan Hymel and Jessie Hymel filed responsive pleadings to the concursus petition, both seeking the full amount of the insurance proceeds.
*197 Jessie Hymel also filed a reconventional demand against Woodmen alleging that the ambiguity as to the beneficiary designation was due to the negligence of Woodmen, and that this negligence was the proximate cause of damages she sustained i.e., emotional distress, mental anguish, litigation costs, attorney's fees, medical expenses and legal interest from the date of judicial demand. This reconventional demand was severed from the original demand.
A trial was held on the merits in the concursus proceeding, in which the trial court awarded Zan Hymel $80,000.00 and Jessie Hymel $150,000.00. The Third Circuit Court of Appeal reversed the trial court and awarded the full amount of the insurance proceeds to Jessie Hymel. The Supreme Court denied writs in the concursus proceedings.
On June 13, 1991, a trial on the merits of the reconventional demand was held. The trial court found Woodmen negligent and awarded Jessie Hymel damages, representing all costs of the concursus proceedings, and legal interest on the sum of $230,000.00 from the date the reconventional demand was filed, until paid, subject to a credit for interest paid while the funds were in the registry of the court. The court denied Jessie Hymel's demand for attorney's fees, mental suffering and medical expenses.
Woodmen filed a motion for a new trial that was denied on October 15, 1991. In the judgment denying the new trial, the trial court ordered counsel to compute the specific amount of damages awarded and submit a new judgment. An amended judgment was signed awarding Jessie Hymel $49,565.06. This figure is the computation of legal interest on $230,000.00 from the date the reconventional demand was filed, until paid, subject to a credit for the interest paid while the funds were in the registry of the court, plus all costs incurred by Jessie Hymel in the concursus.
Both Woodmen and Jessie Hymel appeal. Woodmen asserts the following assignments of error:
1. The Trial Court erred in not finding that the Concursus proceeding relieved Woodmen of the World Life Insurance Company from all further responsibility after depositing the policy proceeds in the registry of the Court.
2. The Trial Court erred in finding that Mrs. Jessie Hymel had a cause of action sounding in tort.
3. The Trial Court erred in finding that Mrs. Jessie Hymel had a right of action in her filing of the reconventional demand.
4. The Trial Court erred in finding that Woodmen of the World Life Insurance Society was negligent in the processing of life insurance applications.
5. The Trial Court erred in making an award of interest absent an award of other damages.
Mrs. Hymel asserts these specifications of error:
1. The Trial Court erred in labelling the difference between $230,000.00 (face amount) and $200,000.00 (amount actually received by Hymel) as attorney's fees and not as a separate item of damage.
2. The Trial Court erred in denying damages for sums not received by Hymel as an item of damage, i.e. difference between $230,000.00 (face amount) and $200,000.00 (amount actually received by Hymel) which equals $30,000.00, plus legal interest thereon.
3. The Trial Court erred in denying damages for emotional duress and mental anguish caused by the negligence of Woodmen.
4. The Trial Court erred in denying damages for medical expenses incurred by Hymel and caused by Woodmen's negligence.

LAW
We will address Woodmen's assignments of error first.

ASSIGNMENT OF ERROR NO. 1
Woodmen maintains the trial court erred in not finding the concursus proceeding relieved Woodmen of all further responsibility after depositing the policy proceeds into the registry of the court. La.C.Civ.Proc. art. 4658 states:

*198 "After the deposit of money into the registry of the court, the plaintiff is relieved of all liability to all of the defendants for the money so deposited."
This article only relieves liability to the extent of the money deposited. Woodmen's deposit of the policy proceeds was part of the concursus proceeding and has no bearing on Jessie Hymel's demand for damages in tort. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Woodmen maintains that Mrs. Hymel did not have a cause of action sounding in tort. The reconvention against Woodmen is urged only under a theory of negligence, or tort, and not contract.

Brunt v. Standard Life Insurance Co., 259 So.2d 575 (La.App. 1 Cir.1972) held that an insurance company is under a duty to act upon an application for insurance within a reasonable time, and that a violation of this duty causes damages that subject the insurance company to liability for negligence. But the court held further that the burden is on the plaintiff to prove the delay caused the damage, and the plaintiff did not sustain this burden.
Morein v. North American Company for Life & Health Insurance, 271 So.2d 308 (La.App. 3 Cir.1972), writ denied, 273 So.2d 845 (La.1973), stated there were no cases holding that an insurer owes a duty, either to its insured, or to a person who may be named as a new beneficiary, to track the insured down, after he orally indicates his desire to change the beneficiary, and obtain his signature on the change of beneficiary form. The court went on to find the insurance agent had not been negligent. While finding no such duty existed under the facts of that particular case, the court in Morein implicitly recognized a cause of action based in tort by the beneficiary against the insurer. We conclude, under the rationale of these cases, that Mrs. Hymel does have a cause of action in tort against Woodmen for negligence.

ASSIGNMENT OF ERROR NO. 3
Woodmen alleges that Mrs. Hymel had no right of action, i.e. that she was not the correct person to bring this suit. Woodmen argues that if it owed a duty to anyone it was the insured, Billy Wayne Hymel, and since he is deceased the correct person to bring a survivor's action is the widow, not Mrs. Hymel, the mother, under the hierarchy of LSA-C.C. art. 2315.1.
Woodmen's argument is without merit. Mrs. Hymel does not assert any action as a survivor of her son, so LSA-C.C. art. 2315.1 is not applicable. Mrs. Hymel asserts Woodmen's negligence caused her damages. Her action is based on LSA-C.C. art. 2315:
Art. 2315. Liability for acts causing damages
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.
Clearly, Mrs. Hymel has a right of action in this case.

ASSIGNMENT OF ERROR NO. 4
Woodmen maintains that it was not negligent in processing the applications for life insurance, as the trial court found. That court stated:
"The evidence shows that when the application for increase reached the home office of Woodmen, the naming of another beneficiary should have been noticed by Ms. Jackie Perkins, Clerk, but was not. If noticed, this would have called for a ratification form to be signed by the insured to be attached to the policy to clarify any confusion concerning the beneficiary. However, this was not noticed until after Mr. Hymel's death, and, therefore, the ratification procedure could not have been followed in this case.
After considering all of the evidence, the court finds that Woodmen breached its duty to see that all company forms were properly prepared and executed to carry out the intent of its insured, Billy Wayne Hymel, that his mother be made *199 sole beneficiary of the total amount of the insurance proceeds, and, therefore, is found to be negligent."
Whether the court erred, in finding as a fact that Woodmen was negligent, is a question subject to the manifest error rule. Rosell v. Esco, 549 So.2d 840 (La.1989). We find no manifest error.

ASSIGNMENT OF ERROR NO. 5
Woodmen asserts that the trial court erred in making an award of interest absent an award of other damages. The lower court awarded Mrs. Hymel all costs of the concursus proceedings, both at the trial and appellate court level, and legal interest on $230,000.00 (the amount of the policy) from the date the reconventional demand was filed, until paid, subject to a credit for the interest paid while the funds were in the registry of the court.
The theory behind the award of interest is that, but for Woodmen's negligence, there would have been no confusion as to the beneficiary, and thus no concursus proceeding. The proceeds of the insurance policy would have immediately gone to Mrs. Jessie Hymel and she could have invested it. Thus, the lower court awarded her, as damages, the legal interest on the proceeds of the insurance policy. This mode of measuring the damages suffered was within the discretion of the trial court. Koncinsky v. Smith, 390 So.2d 1377 (La. App. 3 Cir.1980); Fortson v. Louisiana Power & Light Co., 509 So.2d 743 (La.App. 3 Cir.1987). In Fortson we stated:
There is no formula which can be applied with exactitude in the assessment of property damages. Each case must rest on its own facts and circumstances as supported by proof in the record. Coleman v. Victor, 326 So.2d 344 (La. 1976); Broome v. Gauthier, 443 So.2d 1127 (La.App. 4 Cir.1983), writ den., 445 So.2d 449 (La.1984). Where there is a legal right to recovery of damages but the amount cannot be exactly determined, the courts have reasonable discretion to assess them based upon all the facts and circumstances of the particular case. Emerson v. Empire Fire & Marine Ins. Co., 393 So.2d 691 (La.1981); J.B. LaHaye Farms v. La. Dept. of Highways, 377 So.2d 1286 (La.App. 3 Cir. 1979), writ den., 381 So.2d 1222 (La.1980).

MRS. HYMEL'S SPECIFICATIONS OF ERROR
Next we will address issues raised by Jessie Hymel on appeal. She maintains that the trial court erred in denying as an item of damages the sums not received by her, i.e., the difference between $230,000.00 (face amount) and $200,000.00 (amount actually received by Hymel), plus legal interest. After reviewing Woodmen v. Hymel, 544 So.2d 664 (La.App. 3 Cir.1989), it is noted that Mrs. Hymel was awarded the entire amount of the policy ($230,000.00), plus the interest received by the clerk of court from investing the sum on deposit less the costs of the proceeding. The disbursement sheet shows that the total proceeds from the clerk of court were $285,554.21. From this amount her attorney deducted $42,833.13 as attorney's fees for the trial, and $42,833.13 attorney's fees for the appeal. Mrs. Hymel received $200,000.00.
While it is true that but for Woodmen's negligence Mrs. Hymel would not have had to employ an attorney to recover the proceeds of the policy, attorney's fees are not recoverable under our law, unless provided by statute or contract. General Motors Acceptance Corporation v. Meyers, 385 So.2d 245 (La.1980). No contract or statute allows the attorney fees sought here.
Mrs. Hymel also alleges the lower court erred in denying damages for emotional and mental distress, and medical expenses incurred by her. The trial court held Mrs. Hymel did not introduce sufficient evidence to recover either item, citing Moresi v. Dept. of Wildlife & Fisheries, 567 So.2d 1081 (La.1990), which holds in pertinent part:
Under the general rule followed by the great majority of jurisdictions, if the defendant's conduct is merely negligent and causes only mental disturbance, without accompanying physical injury, illness *200 or other physical consequences, the defendant is not liable for such emotional disturbance. Prosser & Keeton § 54 at p. 361;
After reviewing the record, this court finds the trial court did not err in its refusal to award these damages.
For the reasons assigned, the judgment appealed is affirmed. Costs of appeal are assessed equally between appellant and appellee.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.