631 So.2d 76 (1994)
David E. BARR, Plaintiff-Appellee,
v.
Bobby SMITH, Defendant-Appellant.
No. 25431-CA.
Court of Appeal of Louisiana, Second Circuit.
January 19, 1994.
Rehearing Denied February 17, 1994.
*77 Robert W. Levy, Ruston, for appellee.
Bobby L. Culpepper, Jonesboro, for appellant.
Before SEXTON, HIGHTOWER and VICTORY, JJ.
HIGHTOWER, Judge.
Defendant, Bobby Smith, appeals an adverse judgment awarding reparations, including property and mental anguish damages, after he excavated soil along his common boundary with a neighbor's tract. Finding no abuse of discretion in this previously remanded matter, we affirm.

FACTS AND PROCEDURAL HISTORY
During July 1989, plaintiff, David E. Barr, noticed that earthwork performed on the immediately adjacent property had occasioned considerable damage to his land in Jackson Parish. In preparing to build commercial poultry houses, defendant had recently leveled the natural hilly terrain on his 160-acre tract. This excavation extended along plaintiff's entire eastern boundary and came, at its closest, within three feet of the dividing line, creating between the two properties a "drop-off" that ranged from two to seventeen feet in height. Eventually, erosion attributable to the construction caused several trees, a concrete survey marker, and a significant amount of soil to fall from Barr's parcel.
Several months later, plaintiff filed suit against Smith seeking property and mental anguish damages, as well as restoration of his land to its former condition. Although the trial court initially found that Barr had failed to prove his demands and entered judgment in favor of defendant, we reversed that decision and remanded with instructions. See Barr v. Smith, 598 So.2d 438 (La.App. 2d Cir.1992), writ denied, 604 So.2d 998 (La. 1992).
Finding entitlement both to the costs incurred for two separate surveys and to mental anguish compensation, we directed the *78 lower court to provide such awards. Further, noting that the most appropriate remedy would be restoration of the property to its pre-incident condition, we stated:
[T]o allow a defendant to simply pay for the extent of a neighbor's property which has been damaged may establish a poor precedent. Such a result would allow a property owner to do as he will with his property in order to reap major economic benefit, since any damage to neighboring property can be remedied by the payment of a sum that is relatively nominal when the gain involved is considered.
In summary, while we are concerned by the parallel between the instant circumstances and those of Day v. Warren, [524 So.2d 1383 (La.App. 1st Cir.1988)], it appears that the instant violation may be susceptible of being remedied relatively inexpensively. Because we cannot be certain from this record, we are remanding primarily for the trial court to determine the simplest remedy and order that the defendant accomplish same if it is reasonable within the context of the case....
Should the trial court determine that there is no reasonable method of repair, the court should ... render damages for... more extensive mental anguish damages (representing the continuing nature of defendant's encroachment), and for the value of the land harmed or reasonably expected to be harmed by virtue of continuing erosion.
Barr, supra, at 443.
On remand, after considering testimony of a civil engineer, the trial court concluded that the simplest remedy would be to restore the original contours of the tract by refilling with soil, but that such an undertaking would cost more than $65,000 and constituted an unreasonable option under the circumstances. Therefore, the trial court awarded Barr $730 to compensate for previously conducted surveys, $1500 for mental anguish, and $6800 for property damage. Impugning these latter two amounts as excessive, Smith now appeals.

DISCUSSION
In assessing damages in cases of offenses, quasi-offenses, and quasi-contracts, much discretion must be left to the judge or jury. LSA-C.C. Art. 2324.1. Before an appellate court may disturb such an award, the record must clearly reveal that the trial court abused its broad discretion, based on the particular injuries and their effect upon the particular individual injured. Reck v. Stevens, 373 So.2d 498 (La.1979). See also Day, supra; Moreland v. Acadian Mobile Homes Park, Inc., 313 So.2d 877 (La.App. 2d Cir. 1975), writs denied, 319 So.2d 442, 443 (La. 1975).

Mental Anguish
Plaintiff's ancestors homesteaded his ten-acre tract in approximately 1868, and the property has been owned by the family ever since. Before the incident in question, Barr enjoyed spending time there regularly. Indeed, he had planned to sell his home in Rayville and move his primary residence to the site. Now, however, due to the stress experienced upon each viewing of the damaged land, he has abandoned that idea and, instead, visits only infrequently to cut grass and perform other maintenance. Nonetheless, he still wants to retain the estate for his descendants. One of his children now characterizes him as appearing depressed and quiet due to the situation bearing upon his nerves. Another son agreed that the condition of the property disturbs his father, and has adversely affected his health.
Additionally, plaintiff now seriously worries about the safety of his land. As previously mentioned, in some areas there exists a seventeen-foot elevation differential between the edge of his property and the adjoining acreage. This results in fears, by Barr, that his grandchildren may injure themselves while roaming around the grounds. In that regard, his children have discontinued family visits to the site. Plaintiff has also expressed concern about his liability if someone else falls in such an accident. Considering these factors, and inasmuch as the trial court's decision not to order restoration renders the offending situation a continuing harm, we by no means find the $1500 mental anguish *79 award to be excessive.[1]

Property Damage
According to the expert civil engineer, if nature is allowed to take its course, a three-to-one slope will eventually form along the excavated property line. Therefore, 51 feet of soil will erode at the point where the drop-off now measures 17 feet. At the original trial, a real estate appraiser testified as to the price of timberland in that vicinity. A ten-acre tract, similar to Barr's, would have a fair market value of $6800; however, a fiftyfoot strip along one side would sell for only $537.07. Appellant thus contends that the latter amount, representing payment for a "buffer zone," constitutes the correct measure of damages. This, of course, is the same argument advanced and essentially rejected in the first appeal. It is now alternatively asserted that, even if the entire estate has been rendered useless, the $6800 award should be reduced by any residual value of the land.
The trial court stated in its reasons for judgment that, in setting the damages "for the value of the land harmed and reasonably expected to be harmed by virtue of continuing erosion" at $6800, the rationale of Day, supra, had been utilized. That first circuit opinion and our court, in the original appeal, have both cautioned against allowing a defendant, in every circumstance, to pay merely for the market value of the property actually damaged. Accordingly, implicit in the $6800 award is the lower court's consideration of the unique value of this particular land to this plaintiff.
The general rule of damages for valuation of tortiously damaged property without market value is the actual or intrinsic value of the property to the owner. Emerson v. Empire Fire & Marine Ins. Co., 393 So.2d 691 (La.1981); Tide Craft, Inc. v. Red Ball Oxygen Co., Inc., 514 So.2d 664 (La.App. 2d Cir.1987), writs denied, 516 So.2d 135, 136 (La.1987). Although recognizing that such an approach is of little practical use in ascertaining a dollar amount, the supreme court has suggested that the true nature of the loss be considered in deciding whether an award satisfies the rule. Emerson, supra.
Despite testimony from defendant's expert witness concerning the market price of typical timberland in Jackson Parish, he admittedly could not evaluate the distinctive qualities of this particular estate. As discussed above, Barr's family owned this specific property since shortly after the Civil War, i.e., for over 125 years. This cannot be said of any other ten-acre parcel in Jackson Parish. Furthermore, plaintiff does not desire to sell the land but, instead, wants to pass it to his children. His hopes for a permanent home on the site have been abandoned; he now even harbors concerns about the safety of visitors. Although only a certain portion of soil will eventually erode, the evidence indicates that the physical condition of the location now prohibits several previous uses enjoyed by the Barr family. Obviously, the unique and historic characteristics of this tract constitute a significant value to plaintiff, distinguishable from calculable market prices.
Contrary to appellant's above-mentioned arguments that plaintiff should receive only a reduced sum as remuneration, the supreme court has consistently cautioned that no mechanical rule can be applied with exactitude in the assessment of property damage under LSA-C.C. Art. 2315. Roman Catholic Church v. Louisiana Gas, 618 So.2d 874 (La.1993). Indeed, reasons personal to the owner are frequently utilized to justify high damage awards, often in excess of market value. See, e.g., Emerson, supra (loss of experimental research records, having no market value at all but possessing an intrinsic value to the owner, recompensable at the actual value to the person sustaining the loss); Fortson v. Louisiana Power & Light Co., 509 So.2d 743 (La.App. 3d Cir.1987) (when a sudden power surge destroyed entertainment equipment that had a special *80 value to the plaintiff because of its appearance, the trial court did not abuse its discretion in awarding full replacement cost without depreciation).
Accordingly, we do not find the $6800 award to be an abuse of discretion under the particular facts of this case.

Errors Alleged by Appellee
In his brief, Barr suggested that the awards should be increased. However, he has not answered the appeal or otherwise properly brought the issue before us. See LSA-C.C.P. Art. 2133; Dixon v. Mid-South Rail Corp., 580 So.2d 438 (La.App. 2d Cir. 1991), writ denied, 584 So.2d 1160 (La.1991). We therefore do not consider these complaints.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
SEXTON, J., concurs.

APPLICATION FOR REHEARING
Before SEXTON, LINDSAY, HIGHTOWER, VICTORY and BROWN, JJ.
Rehearing denied.
NOTES
[1] In assailing the instant award as too high, appellant cites Moreland, supra, and Ernst v. H.H. Burstein Enterprises, Inc., 379 So.2d 852 (La.App. 4th Cir. 1980), where each plaintiff received $1500 for emotional distress. Even if we accept arguendo that those parties suffered more damages than Barr, equity would demand that the thirteen and eighteen-year-old awards be adjusted for inflation before any comparison could occur.