588 So.2d 786 (1991)
David L. BILLINGSLEY, Jr., Plaintiff-Appellee,
v.
BACH ENERGY CORPORATION, Defendant-Appellant.
No. 22852-CA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1991.
*787 Comegys, Lawrence, Jones, Odom & Spruiell by J. Marshall Jones, Jr., Shreveport, for defendant-appellant.
*788 Bodenheimer, Jones, Klotz & Simmons by F. John Reeks, Jr., Shreveport, for plaintiff-appellee.
Before SEXTON, NORRIS and LINDSAY, JJ.
SEXTON, Judge.
The defendant, Bach Energy Corporation, appeals the partial summary judgment rendered in favor of the plaintiff, David L. Billingsley, Jr. The judgment awarded the plaintiff $34,000 pursuant to the terms of a contract between the parties. We affirm.
On October 8, 1988, the plaintiff and defendant entered into a written letter agreement, or contract, whereby the defendant agreed to pay the plaintiff a finder's fee of five percent of eight eighths (8/8ths) of the total purchase price of certain oil and gas properties and interests in an area designated as the San Patricio project in Sabine Parish in return for the plaintiff's efforts with the owners of those interests to secure for the defendant an exclusive option to purchase such property. The contract further provided that a preexisting obligation of Perkins Oil Properties, Inc. (Perkins) to pay plaintiff a $3,000 per well location fee would become part of the agreement between the plaintiff and defendant and would be assumed by the defendant.
On October 18, 1988, Perkins and the defendant contracted to give the defendant an option to purchase oil and gas wells and undeveloped oil, gas and mineral leases for a $500,000 consideration which would be paid at the closing of the sale. A subsequent agreement between Perkins and the defendant, dated January 9, 1989, apparently increased the consideration to be paid by $100,000, although there was evidence that this additional amount was not part of the purchase price for the property. On January 25, 1989, the San Patricio oil and gas properties and interests were conveyed to the defendant by Perkins.
The plaintiff filed suit seeking to recover the finder's fee, the per well location fee, and additional amounts allegedly due on open account for professional services performed by the plaintiff for the defendant on certain wells. The plaintiff moved for summary judgment on his claims. The trial court partially granted the summary judgment. The trial court found that the assignment of oil and gas properties and interests had been consummated and concluded between the defendant and Perkins. This satisfied the condition contained in the October 8, 1988 contract between the plaintiff and defendant. The trial court therefore rendered judgment in favor of the plaintiff ordering defendant to pay a five percent finder's fee on the purchase price of $500,000 and $3,000 for each of three wells drilled in the area, for a total of $34,000. The motion for summary judgment was denied as to the plaintiff's claim for a finder's fee on the $100,000 alleged to be an additional consideration paid by the defendant to Perkins as per the agreement of January 9, 1989. Additionally, the trial court denied the motion for summary judgment as to the amounts allegedly due on open account for services performed by plaintiff. A judgment to that effect was signed on November 29, 1990. The defendant seeks review of this judgment.
On appeal, the defendant argues that summary judgment was inappropriate because there are genuine issues of material fact regarding the terms of the contract and whether the sums are due. First, defendant argues that its purchase of Perkins' interest was not yet "consummated" as that term was intended to apply in the contract between the plaintiff and the defendant. Defendant cites several affidavits submitted in opposition to the motion for summary judgment. According to these affidavits, pursuant to existing agreements, any sale or assignment by Perkins of the San Patricio property required the written consent of Mobil Exploration and Production, U.S., Inc. (Mobil), Inexco Oil Company (Inexco), and International Paper Company (I.P.). The consent of these three companies has apparently not been obtained. Thus, defendant argues, the sale from Perkins to the defendant has not yet been consummated, and *789 therefore, the defendant does not yet owe plaintiff the finder's fee.
Additionally, the defendant argues that plaintiff violated the spirit of their contract by not endeavoring to negotiate for defendant an exclusive option to purchase the interests of the various other working interests (allegedly eight other entities) in the San Patricio project.
Finally, defendant argues that the $3,000 per well location fee was improperly awarded. Defendant argues that implicit in this provision of the contract was an agreement that plaintiff, for the $3,000, would provide all necessary field and engineering supervisory services on the wells. Defendant argues these services were not performed and thus this fee is not owed.
A summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981). The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. This burden is a great one as only when reasonable minds must inevitably concur is summary judgment warranted and any doubts should be resolved in favor of a trial on the merits. Ouachita National Bank (Premier Bank, N.A.) v. Palowsky, 570 So.2d 114 (La.App. 2d Cir.1990); Swindle v. Haughton Wood Company, Inc., 458 So.2d 992 (La.App. 2d Cir.1984).
If the supporting documents presented by a party moving for summary judgment are sufficient to resolve all genuine issues of material fact, the burden then shifts to the opposing party to present evidence beyond the allegations and denials contained in the pleadings, showing that material facts are still at issue. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Dement v. Red River Valley Bank, 506 So.2d 1329 (La.App. 2d Cir. 1987).
In support of the motion for summary judgment, the plaintiff submitted the contract between him and the defendant and the option and sales contracts between defendant and Perkins. The plaintiff also provided evidence that three oil wells had been drilled on the San Patricio property, but no money had been forthcoming from defendant. The plaintiff therefore satisfied his burden of proof, showing he had satisfied his obligation under the contract, but defendant had not yet paid the sums due. The burden then shifted to defendant to show that material facts were still at issue.
We note first that defendant's allegations that plaintiff violated the spirit of their contract is unsupported by any evidence presented either in support of or in opposition to the motion for summary judgment. There is thus nothing in the record which purports to show, as defendant now argues on appeal, that plaintiff failed to attempt negotiations for an exclusive option to purchase in favor of the defendant with the other owners of interests in the San Patricio project. Even assuming that such negotiations were envisioned and required by the spirit of the contract, the unsupported allegations in defendant's appellate brief fail to present a genuine issue of material fact that the plaintiff breached the spirit of the contract.
The defendant's two remaining arguments both rely upon parol evidence. The crucial inquiry is whether parol evidence would be admissible, first to determine the parties' intent in using the term "consummated" in the contract and, second, whether the parties implicitly intended that plaintiff would render services in return for the per well location fee.
Mineral rights are incorporeal immovables. LSA-C.C. Art. 470; LSA-R.S. 31:18. As such, they are subject to the general rules found in the Louisiana Civil Code regarding immovables. LSA-R.S. 31:2; Guy Scroggins, Inc. v. Emerald Exploration, 401 So.2d 680 (La.App. 3rd Cir. 1981), writ denied, 404 So.2d 1257 (La. 1981). Accordingly, the transfer of ownership or an interest in a mineral right cannot *790 be the subject of a verbal agreement; it must be evidenced by a written contract and cannot be proved by parol evidence. LSA-C.C. Arts. 1832, 1839, 1848, and 2440; Bice v. Maxwell, 516 So.2d 1189 (La.App. 2d Cir.1987); Wilkins v. Hogan Drilling Company, Inc., 424 So.2d 420 (La.App. 2d Cir.1982).
The parol evidence rule provides that testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, such evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement. LSA-C.C. Art. 1848; Shreveport Plaza Associates Limited Partnership v. L.R. Resources II, 557 So.2d 1067 (La.App. 2d Cir.1990). Parol evidence may be admissible where there are allegations that the contract was executed through fraud, error, or mistake. Mitchell v. Clark, 448 So.2d 681 (La.1984); Bank of Coushatta v. Patrick, 503 So.2d 1061 (La.App. 2d Cir.1987), writ denied, 506 So.2d 1231 (La.1987).
Generally, where the words of a contract are clear, explicit, and lead to no absurd consequences, the meaning and intent of the parties must be sought within the four corners of the document and cannot be explained or contradicted by parol evidence. LSA-C.C. Arts. 1848, 2046; Bank of Coushatta v. Patrick, supra; Texaco, Incorporated v. Newton and Rosa Smith Charitable Trust, 471 So.2d 877 (La.App. 2d Cir.1985), writ denied, 475 So.2d 1104 (La.1985). Although parol evidence is inadmissible to vary the terms of a written contract, when the terms of a written contract are susceptible of more than one interpretation, or there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed, parol evidence is admissible to clarify the ambiguity and show the intent of the parties. Diefenthal v. Longue Vue Management Corporation, 561 So.2d 44 (La.1990); Dixie Campers, Inc. v. Vesely Company, supra.
Defendant first argues that there is uncertainty or ambiguity in the contract. The contract provides that the five percent finder's fee is payable when a purchase of the oil and gas properties and interests has been "consummated." Relying on various affidavits (parol evidence) the defendant argues that, although an act of sale has been executed, the purchase cannot be consummated without consent to the sale by Mobil, Inexco, and I.P. This consent is allegedly a prerequisite to any transfer of interest in the San Patricio properties pursuant to farmout agreements between Perkins and the other entities. As the requisite consents have not yet been obtained, defendant argues that a genuine issue of material fact exists as to whether the transfer of properties from Perkins to the defendant has been consummated.
The contract of sale of the oil and gas properties and interests was clearly perfected when there was an agreement, or consent, as to the thing and the price. LSA-C.C. Arts. 2439, 2456. Any alleged ambiguity in the use of the term "consummated" as opposed to the various other possible terms which could have been used, i.e., sold, purchased, perfected, etc., is purely a semantic difference without any distinction in definition. Interestingly, we note that the option to purchase the San Patricio properties and interests executed between Perkins and the defendant itself employs the term consummated. That document provides: "In the event PURCHASER elects to exercise the option, the sale will be consumated [sic] within ten (10) days from the date of the exercise of the option."
Moreover, the option to purchase provides that any necessary consent by other entities to a sale by Perkins would be obtained by Perkins and furnished to the defendant at the time of the sale. The act of sale executed on January 25, 1989, to be effective February 1, 1989, stated that it was subject to all the terms and provisions of the option contract which had been previously executed. Clearly, the act of sale implied that any consent required of third parties to the sale had already been obtained *791 prior to the time of sale. As the act of sale and the option were both filed for registry in Sabine Parish, where the property was located, the sale and its terms were binding and effective against third persons, including the plaintiff. LSA-C.C. Art. 1839; LSA-R.S. 9:2721. The public records doctrine will apply, making the sale effective against third parties, irrespective of any actual knowledge by the plaintiff that there had as yet been no consent to the sale, even assuming such knowledge on the part of the plaintiff. See, Dallas v. Farrington, 490 So.2d 265 (La.1986); Phillips v. Parker, 483 So.2d 972 (La.1986).
As a final observation regarding this assignment of error, it appears the defendant would seek to introduce parol evidence to vary the terms of not one, but several written contracts. First, defendant seeks to introduce parol evidence regarding the meaning of the term "consummated" in the principal contract between the plaintiff and the defendant. Then, parol evidence is submitted regarding the option contract and the sale contract between Perkins and the defendant to attempt to show that, contrary to the provisions of those contracts, the requisite third party consent to the sale had not yet been received. Finally, defendant has failed to present the various farmout agreements[1] between Perkins and Mobil, Inexco, and I.P., which purportedly provide for the consent to the sale. Instead of the farmout agreements themselves, defendant seeks to submit parol evidence, through the form of affidavits, to prove the terms of those farmout agreements.
Clearly, parol evidence is inadmissible under these circumstances. The terms of the contract between the plaintiff and defendant were explicit that the finder's fee was to be paid at the time defendant consummated its purchase of the oil and gas properties and interests. The sale was consummated when the act of sale was executed. There remained no genuine issue of material fact that defendant owed plaintiff the five percent finder's fee, and the trial court committed no error in so holding.
Defendant's final argument is that the $3,000 per well location fee was contingent upon plaintiff performing supervisory field and engineering services upon the wells. The contract does not, by its terms, provide that such services were a prerequisite to the payment of the location fees. Rather, the contract only provides that the $3,000 per well fee would be due and payable at the time each well was drilled. There is no dispute that three wells have been drilled on the properties. Again, defendant seeks to rely upon parol evidence to vary the terms of this contract, although in this assignment of error, the parol evidence is used not to interpret an allegedly ambiguous term, but to ascertain the alleged actual intent of the parties.
The defendant fails to assert that any of the exceptions to the parol evidence rule are applicable here. Instead, defendant alleges that the $3,000 per well location fee clause implicitly provides that, in exchange, services would be rendered on those wells by plaintiff. Such an inference cannot be found from the explicit terms in the contract itself. A written contract provides the law between the parties. LSA-C.C. Art. 1983; Wisinger v. Casten, 550 So.2d 685 (La.App. 2d Cir.1989). In the absence of a vice of consent, a court cannot undermine a contract simply because it was a bad deal for one of the parties. Bergquist v. Fernandez, 535 So.2d 827 (La. App. 2d Cir.1988); Tahoe Corporation v. P & G Gathering Systems, Inc., 506 So.2d 1336 (La.App. 2d Cir.1987).
As there has been no basis presented upon which parol evidence would be admissible, especially no evidence to support a finding of a vice of consent, LSA-C.C. Art. 1948, et seq.,[2] the explicit terms of the *792 contract must be relied upon to interpret the intent of the parties. The contract only requires the plaintiff to enter discussions and negotiations with owners of the oil and gas properties and attempt to obtain for the defendant an option to purchase such properties. As written, the contract clearly envisions that, in return for such negotiations, defendant would pay plaintiff both the finder's fee and the $3,000 per well location fee. There remains no genuine issue of material fact regarding the parties' intent, and the partial summary judgment was properly granted.
Accordingly, for the above and foregoing reasons, the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] We assume the farmout agreements were in the form of written contracts.
[2] Although it could be argued that error was committed in the contract's alleged failure to provide that the per well location fee was in return for plaintiff's professional services on those wells, this would not have been error sufficient to vitiate consent to the contract. Clearly, for defendant, the principal cause of the contract was to secure the oil and gas interests. There is no evidence nor even any allegation by defendant that it would not have entered the contract without plaintiff's agreement to perform professional services on the wells nor any reason for plaintiff to have understood this to be the case. Any error did not constitute a vice of consent. LSA-C.C. Art. 1949.