WILLIAMS, Judge.
Plaintiff, Trident Oil and Gas Corp. (Trident), filed suit for specific performance against the defendant, John O. Clay Exploration, Inc. (Clay), seeking the enforcement of an assignment of interest in certain mineral leases from Clay to Trident. After trial on the merits, the trial court rendered judgment for the defendant dismissing plaintiff’s demand. We affirm.
On June 29, 1990, plaintiff and defendant entered into a letter agreement whereby they agreed to purchase certain mineral leases from Pentagon Petroleum, Inc. (Pentagon) for $195,000. The signatures of the representatives of Trident and Clay appear at the end of the document. Trident’s share of the purchase price — 21.48% of the mineral lease purchase — was to be paid from credits owed by Pentagon to Trident in the amount of $41,876.99. Clay’s share of the purchase price, $153,123.01, or 78.-52%, was to be paid in cash at the closing. The ownership of the mineral leases was to be based on the proportion contributed by each participant to the purchase price. Consequently, Trident would own 21.48% of the mineral leases and Clay would own 78.52%.
However, the act of sale, which was executed on July 27, 1990, shows that Clay purchased a 100% interest in Pentagon’s mineral leases rather than the 78.52% interest that was originally planned.
Trident claimed there was an oral modification of the June 29, 1990 letter agreement prior to the July 27, 1990 sale: Clay agreed that it would assign Trident an interest in the leases purchased from Pentagon after the sale was consummated. The assignment was to be for the same price Trident would have paid had it purchased *1193 the leases as set forth in the letter agreement dated June 29, 1990.
The trial court held that the parol evidence offered by Trident to prove that there was an oral agreement to sell immovable property was not admissible. Further, the court declared that the July 27, 1990 act of sale superseded any prior agreement, oral or written. Judgment was rendered in favor of the defendant, dismissing plaintiffs demand.
On appeal, Trident contends the July 27,1990 act of sale is a simulation that disguises Trident’s interest by showing Clay as the sole owner of the mineral leases. Trident further argues that the letter agreement, dated June 29, 1990, is a counter letter that reflects the true agreement between Trident and Clay.
LSA-C.C. Art. 2025 defines a simulation as a contract that, by mutual agreement, does not express the true intent of the parties. Article 2025 further provides that a separate writing which expresses the true intent of the parties is a counter letter.
There are two types of simulations: absolute and relative. In an absolute simulation, which is sometimes called a pure simulation or non-transfer, the parties do not intend that their contract have an effect between them. LSA-C.C. Art. 2026. When the parties intend their contract to produce effects between them that are different from those recited in their contract, it is a relative simulation or disguised transfer. LSA-C.C. Art. 2027. A relative simulation produces between the parties the effects they intended if all requirements for those effects have been met. LSA-C.C. Art. 2027. In an absolute simulation, the parties pretend to transfer property from one to the other but they intend that the transferor retain ownership. A sale that appears to be valid on its face, but is intended by the parties to be a gift rather than a sale, is a relative simulation. Owen v. Owen, 336 So.2d 782 (La.1976); Bonnett v. Mize, 556 So.2d 228 (La.App. 2d Cir.1990).
The recited consideration in the July 27, 1990 assignment of the mineral leases from Pentagon to Clay is as follows:
The consideration for this assignment is the sum of ONE THOUSAND DOLLARS AND NO/100 ($1,000.00) cash in hand paid and other good and valuable considerations paid by the Assignee, equal and commensurate in value with the rights herein transferred, the receipt of all of which is acknowledged by the Assignors.
In addition to the recited consideration in the assignment of the mineral leases, Trident’s president, William B. Moran, acknowledged in his testimony that Clay paid the stated consideration in order to obtain the mineral leases.
Our law is clear that a transaction will not be set aside as a simulation if any consideration supports the transaction because the reality of the transference is thus established. Russell v. Culpepper, 344 So.2d 1372 (La.1977); Succession of Cloud, 508 So.2d 577 (La.App. 2d Cir.1987), rev’d on other grounds, 530 So.2d 1146 (La.1988). Therefore, the act of sale cannot be set aside as a simulation.
Moreover, even if this court were to conclude that the July 27, 1990 assignment was a simulation, Trident still could not recover under the facts of this case. Trident’s assertion that the counter letter gives it an interest in the mineral leases is ill-founded. Trident argues that after the letter agreement was signed, Clay and Trident orally agreed that the assignment of the mineral leases from Pentagon would solely list Clay’s name, and Clay would allow Trident to purchase a 21.48% interest in the leases. Trident argues that LSA-C.C. Art. 1848 allows parole evidence to be admitted to prove there was an agreement that it would be allowed to purchase an interest in the mineral leases. LSA-C.C. Art. 1848 provides:
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as *1194 a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement. (emphasis added)
Although parole evidence may be admitted to prove that the letter agreement was modified by a subsequent oral agreement, an oral agreement to sell an interest in mineral rights is not valid. Mineral rights are incorporeal immovables. LSA-C.C. Art. 470; LSA-R.S. 31:18. As such, they are subject to the general rules found in the Louisiana Civil Code regarding im-movables. LSA-R.S. 31:2; Billingsley v. Bach Energy Corp., 588 So.2d 786 (La.App. 2d Cir.1991). These rules provide that the transfer of ownership or an interest in a mineral right cannot be the subject of an oral agreement; it must be evidenced by a written contract and cannot be proved by parole evidence. LSA-C.C. Arts. 1832, 1839, 1848 and 2440; Billingsley, supra. Therefore, the trial court correctly found that Trident could not use parole evidence as proof in this instance. Plaintiff’s suit for specific performance was properly dismissed.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to the appellant, Trident.
AFFIRMED.
NORRIS, J., concurs in the result.