960 So.2d 1170 (2007)
SCOTT CONSTRUCTION EQUIPMENT COMPANY, Plaintiff-Appellant,
v.
TRINITY OILFIELD CONSTRUCTION COMPANY, INC., et al., Defendant-Appellee.
No. 42,181-CA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
Watson, McMillin & Harrison by W. Michael Street, Monroe, for Appellant Scott Construction.
Mills, Turansky & Assoc. by George H. Mills, Jr., Shreveport, for Appellee Trinity Oilfield.
Theus, Grisham, Davis & Leigh by Clint R. Hanchey and Jenny Thompson Garrett, for Appellee Great American Ins. Co.
Before BROWN, PEATROSS and LOLLEY, JJ.
LOLLEY, J.
Scott Construction Equipment Co., L.L.C., appeals a summary judgment from the Third Judicial District Court, Parish of Union, State of Louisiana, which ruled in favor of Great American Insurance Company of New York. For the following reasons, we affirm.

FACTS
Trinity Oilfield Construction, Inc. ("Trinity") leased a linkbelt model 2700 trackhoe ("Equipment") from Scott Construction Equipment Co., L.L.C. ("Scott"). Although the lease was discussed in October *1171 2000, in December 2000 the parties agreed that the equipment lease would be a rent-to-own agreement from October 11, 2000 to October 10, 2001 and accordingly reduced this agreement to writing.
On May 29, 2001, the Equipment flipped over and caught on fire becoming a total loss while in Trinity's possession and custody. Trinity had insurance coverage with Great American Insurance Company of New York ("Great American"). On June 1, 2001, Trinity submitted a claim for the loss of the Equipment to Great American. The claim was denied on July 2, 2001, for lack of coverage under the policy. Thereafter, on February 27, 2002, Scott filed suit against Trinity for the loss of the Equipment.
On February 17, 2004, nearly two and a half years after the Equipment was lost, Great American was brought into the matter by third party demand filed by Trinity. Scott asserted an independent claim directly against Great American on November 22, 2004. On June 6, 2005, Great American filed a Motion for Summary Judgment and argued that it should be granted because: 1) the insured failed to timely file suit within the two-year limitation contained in the policy and, 2) the lack of coverage under the policy based on the original lease between Scott and Trinity for the Equipment. This motion was denied. On July 12, 2006, Great American filed the Motion for Summary Judgment at issue, and this time argued only that the insured failed to timely file suit within the two-year limitation contained in the policy and therefore the claim has prescribed. The second Motion for Summary Judgment was granted. Scott now appeals.

LAW AND DISCUSSION
Appellate courts review summary judgments de novo using the same criteria that govern a district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup'rs. of Louisiana State University, 591 So.2d 342 (La.1991); Costello v. Hardy, XXXX-XXXX (La.01/21/04), 864 So.2d 129. A court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2); Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc., 40,546 (La.App.2d Cir.01/25/06), 920 So.2d 355.
The burden of proof is on the movant. If, as in this case, the moving party will not bear the burden of proof at trial on the matter before the court on the motion and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the non-moving party must come forward with factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Patton v. Strogen, 39,829 (La.App.2d Cir.08/17/05), 908 So.2d 1282, writ denied, 2005-2397 (La.03/17/06), 925 So.2d 548.
In the instant case, we must determine whether the suit brought by Scott against Great American was timely filed. Great American contends that this is purely a breach of contract case and since they were not brought into the suit within the two year time limitation required by the insurance policy, the claim has prescribed. The insurance policy in effect at the time *1172 of the lease clearly contains a time limitation in which to institute a suit:
C. Legal Action Against Us
No one may bring a legal action against us under this Coverage Part unless:
1. there has been full compliance with all the terms of this Coverage Part; and
2. the action is brought within 2 years after you first have knowledge of the direct loss or damage.
(Emphasis added.) In general, in the absence of a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid. La. R.S. 22:629(B); Mathews v. Hixson Bros., Inc., 2002-124 (La.App. 3d Cir.07/31/02), 831 So.2d 995, writs denied, 2002-2286 (La.12/13/02), 831 So.2d 984 and 2002-2305 (La.12/13/02), 831 So.2d 984.
Scott asserts, on the other hand, that this involves both breach of contract and tort claims and therefore the original lawsuit brought against Trinity, the insured, interrupted the two-year time limitation by way of the Louisiana Direct Action Statute  La. R.S. 22:655. Scott does not dispute that Great American was not brought into the lawsuit until February 17, 2004.
Louisiana R.S. 22:655 states, in pertinent part:
B. (1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only.
Louisiana jurisprudence has long established that the direct action statute applies only to tort claims and not to claims for breach of contract. Quinlan v. Liberty Bank and Trust Co., 575 So.2d 336 (La. 1990); Taylor v. Fishing Tools, Inc., 274 F.Supp. 666 (E.D.La.1967). Scott argues that the tort action stems from La. C.C. art 2687 which states that "the lessee is liable for damage to the thing caused by his fault or that of a person who, with his consent, is on the premises or uses the thing."
The resolution of the prescription issue lies squarely with the determination of the type of action involved. Under Louisiana civil procedure, no technical forms of pleading are required. La. C.C.P. art. 854. A plaintiff need not plead a specific theory of the case, but only the facts that would support recovery. Graves v. Riverwood Inter. Corp., 38,842 (La.App.2d Cir.08/18/04), 881 So.2d 140, 143. After a thorough review of the record, we do not find that a tort action arose out of the loss of the Equipment. The contract between Scott and Trinity clearly addresses the issue at hand, namely that Trinity agreed to pay for any damage or loss of the Equipment, regardless of cause, while the Equipment was in its possession. The contract is the law among the parties. White v. Crook, 426 So.2d 334 (La.App. 2d Cir.1983). Here, to allow an independent tort action to arise from an event that is clearly covered by the lease defeats the purpose of the creating a binding contract.
Trinity's failure to compensate Scott is solely a breach of contract. Scott merely attempts to circumvent the plain language of the contract for litigation purposes. We find Scott's argument unpersuasive and unsupported by the record. It is undisputed that Great American was not brought into the suit until February 17, 2004, more than two years after the Equipment was lost. Because the breach of contract did not interrupt the two-year limitation to *1173 bring suit against Great American, the instant suit is prescribed. Since the action has prescribed, we pretermit any discussion of policy coverage for the loss of the Equipment.

CONCLUSION
For the foregoing reasons, the Motion for Summary Judgment is affirmed. Costs are assessed against Scott Construction Equipment Co., L.L.C.
AFFIRMED.