LOLLEY, J.
11Walter Randolph Jamar appeals the trial court’s denial of his claim for commissions on net profits, penalties, interest, and *306 attorney’s fees from his former employer Orr Motors of Louisiana, Inc. For the following reasons, we affirm.

Facts and Procedural History

On December 1, 2005, Jamar entered into a written agreement with Gregg Orr whereby Jamar would perform as general manager for two car dealerships: Orr of Shreveport, Inc., and Orr Motors of Louisiana, Inc. (known collectively as “Orr”). The employment contract provided for a base salary of $9,500 per month and 5% of the “net profit” from both dealerships. The contract was not a “standard form” contract and did not define “net profit.”
Orr was, for the most part, profitable. However, during the second, fourth, and sixth months of the contract, Orr suffered a net loss. After each loss the net loss was deducted from the following month’s commission on the net profit. Upon the third deduction, Jamar questioned Orr’s comptroller Pam Gilcrease and was told that his commission was being calculated on an annual basis, but being paid in monthly installments for convenience. Gil-crease explained that she and other employees were paid on the same net profit calculation as Jamar. Jamar made no further inquiry or complaint while employed by Orr.
On January 22, 2007, Jamar was terminated from employment by Orr. At the time of termination, Jamar owed Orr $4,501.86 for loans taken during his employment. On July 27, 2007, Orr filed a petition for damages against |2Jamar for the unpaid loan in the amount of $4,501.86. Subsequently, Jamar filed his answer and reconventional demand which admitted to the debt, but also claimed that Orr owed Jamar unpaid wages in the form of commissions on net profits, along with penalties, interest, and attorney’s fees as provided by La. R.S. 23:632 for Orr’s failure to timely pay Jamar’s wages.
Trial on the merits was heard. Jamar and Orr’s comptroller Gilcrease gave testimony, but Gregg Orr was not called to the stand. The trial court found in favor of Orr and denied Jamar’s reconventional demand, determining that Jamar’s employment contract was clear and unambiguous, that the contract called for a 5% commission on the net profits for the entire term of Jamar’s employment, and that Jamar was not entitled to additional wages from Orr. Jamar timely appealed the trial court’s holding.

Discussion

On appeal, Jamar argues that the trial court erred in finding that his employment contract was clear and unambiguous. In addition, Jamar argues that his commission for 5% of net profits should have been calculated on a month-by-month basis only, not annually taking all the year’s monthly profits and losses together, and thus Orr is liable for penalties and attorney fees according to the provisions of La. R.S. 23:632.
A contract is the law among the parties. Scott Const. Equipment Co. v. Trinity Oilfield Const. Co., Inc., 42,181 (La.App.2d Cir.06/20/07), 960 So.2d 1170. The meaning and intent of the parties to a written instrument | ¡¡should be determined within the four corners of the document. Shoreline Gas, Inc. v. Grace Resources, Inc., 34,517 (La.App.2d Cir.04/04/01), 786 So.2d 137.
When the words of a contact are clear and do not lead to absurd consequences, no further interpretation may be made in search of the parties’ intent. La. C.C. art.2046. The determination of whether a contract is clear or ambiguous is a matter of law. Town of Haynesville, Inc. v. Entergy Corp., 42,019 (La.App.2d Cir.05/02/07), 956 So.2d 192, writ denied, 2007-1172 (La.09/21/07), 964 So.2d 334.
*307 The employment contract in question does not define “net profits” in any detail; however, the term has a clear and understandable meaning. It is obvious that any business, especially a car dealership, is likely to have varying success from month to month. It is not absurd to assume a dealership would calculate its net profits by subtracting the months it suffered losses from the months the dealership made profits. In addition, we note that should we adopt Jamar’s interpretation of “net profits” (i.e. that each month’s 5% commission should be calculated independently of any other month), then Jamar would stand to earn greater than 5% of Orr’s net profits for the term of his employment, as months that Orr suffered a loss would not be tabulated. This would be an absurd result, as the contract clearly calls for Jamar to have earned no more and no less than 5% of Orr’s net profit. Accordingly, we find no merit in Jamar’s appeal.
| ¿¡Conclusion
For the reasons stated above, we affirm the trial court judgment in all respects. Costs of this appeal are assessed to Walter Randolph Jamar.
AFFIRMED.