649 So.2d 455 (1994)
Shawn McGOLDRICK, et ux., Plaintiffs-Appellants
v.
LOU ANA FOODS, INC., et al., Defendants-Appellees.
No. 94-400.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1994.
*457 Marshall J. Stockstill, Lafayette, for Shawn McGoldrick et ux.
William M. Bass, Lafayette, Bryan David Fisher, Baton Rouge, for Lou Ana Foods, Inc. et al.
Robert Murray Mahony, Mark A. Marionneaux, Lafayette, for Aguillard Enterprises.
Katherine Marie Loos, Lafayette, for Ins. Co. of North America.
Before THIBODEAUX, COOKS and SAUNDERS, JJ.
THIBODEAUX, Judge.
Third party defendant, Aguillard Enterprises, appeals a summary judgment in favor of defendant-third party plaintiff, Lou Ana Foods, Inc., in connection with a service agreement entered into between those parties.
The service agreement contained various indemnity provisions for claims made by Aguillard employees while they were performing work at Lou Ana's Opelousas location.
An Aguillard employee, Shawn McGoldrick, and his wife brought personal injury claims against Lou Ana for injuries suffered on Lou Ana's premises while in the course and scope of his employment with Aguillard. Lou Ana filed a third party demand against Aguillard, asserting that it was entitled to indemnification for all losses, costs, and expenses associated with McGoldrick's suit against Lou Ana. Lou Ana also requested that Aguillard tender insurance coverage to it according to the terms of the service agreement. The service agreement is reproduced in its entirety in Appendix "A."
For the following reasons, we amend and affirm.

ISSUES
The issues before us are: 1) whether the trial judge properly applied the rules of contract interpretation in granting Lou Ana's motion for summary judgment based upon the service agreement entered into by both parties; and, 2) whether the service agreement is an adhesionary contract, requiring a trial to determine whether Aguillard possessed bargaining power equal to that of Lou Ana and truly consented to the terms of the service agreement.

FACTS
On November 6, 1989, McGoldrick was employed by Aguillard as a welder's helper at Lou Ana's Opelousas, Louisiana facility. Pursuant to a service agreement entered into by Lou Ana and Aguillard dated May 18, 1989, Aguillard was performing services at that location when McGoldrick was allegedly injured. According to McGoldrick's petition, he was injured while changing the tubing in a tank located on Lou Ana's premises. McGoldrick and his wife filed suit against Lou Ana alleging that his injuries were the result of Lou Ana's "sole, combined and/or solidary fault, vicarious liability, strict liability and/or negligence of Defendant(s) and/or joint tortfeasor(s) and/or his/its/their or as principal(s), employer(s), agent(s), representative(s), servant(s), employee(s), associate(s), parent(s), subsidiary(ies), lessor(s), lessee(s) and/or insurer(s)."
Aguillard claims that McGoldrick's original petition alleged that only Lou Ana was at fault in causing his injuries and that the provisions of the service agreement do not provide indemnity for Lou Ana's sole negligence. Additionally, it argues that the contract is ambiguous and should be interpreted against Lou Ana and that it is a contract of adhesion for which summary judgment is inappropriate.
Lou Ana contends that a reading of the service agreement in its entirety demonstrates *458 that the clear intent of the parties was that Aguillard, as contractor, would bear the risk of injury to its employees while engaged in the performance of the terms of the service agreement at the Lou Ana Opelousas facility.

LAW AND DISCUSSION

I. Summary Judgment
Preliminarily, it should be noted that appellate courts review summary judgments de novo under the same criteria that governs the trial judge's consideration of whether a summary judgment is appropriate. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991). Consequently, no deference is given to any finding of fact made by a trial court.

II. Contract Interpretation
Aguillard contends that the McGoldricks' petition alleges that Lou Ana was solely responsible for their injuries and that the service agreement does not provide for indemnity to Lou Ana due to injuries of Aguillard employees that occur due to Lou Ana's sole negligence. Aguillard also claims that the trial judge erred in interpreting the indemnification provisions of the service agreement in favor of Lou Ana. Aguillard further claims that it should be entitled to its day in court to determine if it consented to the terms of the service agreement because the agreement is Lou Ana's standard printed form, prepared by Lou Ana for adherence by Aguillard. It is, therefore, a contract of adhesion and issues of fact exist as to whether Aguillard consented to its terms.
The law of contracts in Louisiana is very specific. The initial inquiry should be whether the words of the contract clearly and explicitly set forth the intent of the parties, which limits the interpretation of a contract to the internal language of the contract itself.
La.Civ.Code art. 2046 provides:
When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.
Where the language of a contract is clear and unambiguous, it must be interpreted solely by reference to the four corners of that document. Weeks v. T.L. James & Co., Inc., 626 So.2d 420 (La.App. 3d Cir.1993), writ denied, 630 So.2d 794 (1994). The agreement in this case is the law between the parties, and no further interpretation may be made in search of the parties' intent when the words of the contract are clear, explicit and lead to no absurd consequences and is not contrary to good morals or public policy. Id.; First National Bank of Commerce v. City of New Orleans, 555 So.2d 1345 (La. 1990); Massachusetts Mutual Life Ins. Co. v. Nails, 549 So.2d 826 (La.1989). The courts are obligated to give legal effect to such contracts according to the true intent of the parties. Evangeline Parish School Board v. Energy Contracting Services, Inc., 617 So.2d 1259 (La.App. 3d Cir.), writ denied, 624 So.2d 1228 (La.1993). When a clause in a contract is clear and unambiguous, the letter of the clause should not be disregarded under the pretext of pursuing its spirit. Id. It will not be presumed by the court that parties make use of words in their contracts to which no meaning is attached by them. Weeks v. T.L. James & Co., Inc., supra. John Bailey Contractor, Inc. v. State, through DOTD, 439 So.2d 1055 (La.1983) teaches that parties to a contract will not be imputed with using language that is meaningless or without effect. When doubt exists as to the true sense of the words or phrases, each contract provision must be explained by reference to other provisions, words, or phrases used in the same contract. La.Civ. Code art. 2050; First National Bank of Commerce v. City of New Orleans, supra. When the contract is a standard form contract, a provision in a contract should be interpreted against the party who furnished its text only in cases of doubt that cannot be otherwise resolved. La.Civ.Code art. 2056; Miguez & Leckband v. Holston's Ambulance Service, Inc., 614 So.2d 150 (La.App. 3d Cir. 1993). Furthermore, in contracts of indemnity, the intent to indemnify another for its negligence can be taken from the contract as a whole. DeWoody v. Citgo Petroleum Corp., 595 So.2d 395 (La.App. 3d Cir.1992). Only when an unequivocal intention to so *459 indemnify cannot be found after interpreting each contractual provision in light of the whole contract and general rules of contractual interpretation, the court will presume that the parties did not intend to hold indemnitee harmless for such liability. Id.
The supreme court in Perkins v. Rubicon, 563 So.2d 258 (La.1990) concludes that when the contract under consideration by the court is one of indemnity, whereby the indemnitee is indemnified against consequences of his or her own negligence, it is to be strictly construed, and the contract will not be construed to indemnify the indemnitee against losses resulting to him or her through the indemnitee's negligent acts unless that intention is expressed in unequivocal terms. See also, May v. Acadiana Regional Airport, 562 So.2d 47 (La.App. 3d Cir.1990). However, just because indemnity agreements are to be strictly construed, it does not follow that such clauses are to be disregarded, but the agreement must be given the effect intended by the parties. McNeal v. Wyeth-Scott, Inc., 415 So.2d 568 (La.App. 3d Cir.1982). Furthermore, strict construction of indemnity agreements does not mandate nugatory interpretation since, when the clause is susceptible of two interpretations, it must be considered in that sense in which it may have some effect. Id.
Both Lou Ana and Aguillard argue that the explicit language of the contract supports their position. Applying the law as set forth above to the indemnity agreement involved, it becomes clear that the trial judge's interpretation was correct. The indemnification provisions are located under section 7.0 of the agreement. Subparagraph 7.2(a) provides that Aguillard is to "indemnify... Lou Ana from all losses, costs, and expenses ...of alleged or actual legal liabilities... for personal injuries, illnesses... founded upon occurrences (including ... the concurrent negligence or strict liability of whatever nature of CONTRACTOR and LOU ANA).... unless the ... injury, etc. are determined finally by the highest court of competent jurisdiction to be caused wholly by LOU ANA'S sole negligence." (Emphasis theirs). Also, in section (b) of subparagraph 7.2, the agreement provides for the indemnification for claims of Aguillard's employees. Essentially, (b) provides the same as (a) except that in the last sentence of (b) in the indented paragraph as to Aguillard being relieved of its obligation to indemnify Lou Ana in cases of Lou Ana's sole negligence, it fails, at first glance, to explain what is meant by "sole negligence" as in 7.2(a), where it provides that indemnity is not owed by Aguillard if the "highest court of competent jurisdiction" determines the injury was caused by Lou Ana's sole negligence.
Aguillard argues that under 7.2(a) and (b) of the service agreement, it is clearly not responsible for indemnification or defense of Lou Ana for claims against Lou Ana consisting of Lou Ana's "sole negligence." We agree with this argument. However, in 7.2(a), the contract requires the court to determine Lou Ana's "sole negligence" as opposed to allegations in an injured employee's petition. Aguillard attacks Lou Ana's attempt to incorporate the stipulation of 7.2(a), regarding its release from the obligation to indemnify Lou Ana when the highest court determines that an injury was caused by Lou Ana's sole negligence, with the sole negligence proviso of 7.2(b) which, as stated above, does not explain what is meant by "sole negligence." Aguillard asserts that "sole negligence" of 7.2(b) is determined by the allegations of the employee's petition. We disagree. It was not error for the trial judge and Lou Ana to construe the provisions of 7.2(a) and 7.2(b) of the indemnity section of the contract together. In fact, the rules of contractual interpretation requires the court to explain doubtful provisions with reference to other provisions, words or phrases used in the same contract. La.Civ.Code art. 2050; First National Bank of Commerce v. City of New Orleans, supra; Weeks v. T.L. James & Co., Inc., supra. Not only are 7.2(a) and (b) in the same contract, they appear in the same section of the contract. Only when an indemnity provision in a contract makes no express provision for indemnification against consequences of indemnitee's negligence, and an unequivocal intention to so indemnify cannot be found after interpreting each contractual provision in light of the whole contract and general rules *460 of contractual interpretation, may the court presume that the parties did not intend to hold indemnitee harmless for such liability. DeWoody v. Citgo Petroleum Corp., supra. We find that the language of the service agreement, when viewed as a whole, is specific enough to encompass the negligence of the indemnitee, subject to the one narrow exception where the indemnitee's negligence is found by the highest court of competent jurisdiction to be the sole cause of the accident.

III. Contract of Adhesion
Aguillard contends that the trial judge erred by failing to apply the defense of "contract of adhesion." Golz v. Children's Bureau of New Orleans, Inc., 326 So.2d 865 (La.1976), broadly defines a contract of adhesion as, "a standard contract, usually in printed form, prepared by a party of superior bargaining power for adherence or rejection by the weaker party. Often in small print, these contracts sometimes raise a question as to whether or not the weaker party actually consented to the terms." Aguillard suggests that the contract is an adhesion contract because the document it signed was prepared by Lou Ana. It is the sophistication and educational levels, and not the commerciality of the parties involved in the contract, that are the primary considerations in determining whether a contract is one of adhesion. In this case, both parties are commercial enterprises and we could reasonably conclude that Aguillard was well aware of contracting practices and possessed the sophistication to enter into a service agreement. The contract in question is a three page instrument and the "sole negligence" clause in the indemnity section is not printed in small lettering, but is printed in the same size as the other lettering in the contract. Furthermore, Carroll Aguillard, president of Aguillard, signed the service agreement. The law does not compel people to read or to inform themselves of the contents of an instrument which they may choose to sign, but it holds them to the consequences, in the same manner and to the same extent as though they had exercised those rights. Dugas v. Modular Quarters, Inc., 561 So.2d 192 (La.App. 3d Cir.1990). In Billingsley v. Bach Energy Corp., 588 So.2d 786 (La.App. 2d Cir.1991), our brethren in the second circuit stated that a court cannot undermine a contract simply because it was a bad deal for one of the parties. As unfortunate as the result may be for Aguillard due to the narrow exception to its indemnity obligation, we agree. This court recently stated in Weeks v. T.L. James & Co., Inc., supra, and in Evangeline Parish School Board v. Energy Contracting Services, Inc., supra, that a court is not to be concerned with the wisdom or folly of a contract and that it cannot annul or amend it simply to avoid supposed hardship arising therefrom. Its duty is confined to the ascertainment of the limits of the rights and obligations of the contracting parties as they have defined them for themselves. We find no error in the trial judge's conclusion that the service agreement is not a contract of adhesion.
After a thorough review of the record and service agreement, we can find no reason why the indemnification clause with its attendant exception for Lou Ana's sole negligence, should not be enforced. The clause appears in lettering that is the same size as the rest of the contract and in clear and unambiguous language. Likewise, paragraph 6.0 in its entirety, specifically subsection (e), pertaining to insurance coverage, is clear and unambiguous and states: "All of the Insurance Coverages required of CONTRACTOR... except workmen's compensation, shall name the Company, its divisions, affiliates, parent or subsidiary companies and any of their officers, directors, employees and agents as Additional Insureds." (Emphasis added). Subsection (g) of 6.0 dictates that the insurance policies cannot be cancelled without 30 days prior notice to Lou Ana. Subsection (h) of 6.0 further requires Aguillard to furnish Lou Ana with proof that the insurances were obtained and remain in force. We agree that Aguillard failed to comply with the insurance requirements as clearly stated in the service agreement. Inasmuch as Lou Ana is exposed to potential liability in the McGoldricks' lawsuit for damages against it, for which it will neither be defended nor insured, we find that Aguillard breached its *461 contract with Lou Ana and is liable for the damages arising therefrom. It is now impossible for Aguillard to "procure" insurance coverage for a past occurrence. To the extent that the trial court ordered this act, it was incorrect and the judgment will be amended accordingly.

CONCLUSION
Accordingly, we amend and affirm the trial court's grant of Lou Ana's motion for summary judgment. The judgment is amended to delete the requirement that Aguillard procure or tender insurance coverage because of the futility of such an act. However, because of Aguillard's breach of its contractual obligations, it must now assume the insurer's responsibility and provide the coverage agreed upon.
Third party defendant and appellant, Aguillard Enterprises, is assessed with the costs of this appeal.
AMENDED AND, AS AMENDED, AFFIRMED.

*462 APPENDIX A

*463 
*464