GENOVESE, J.,
dissents and assigns the following reasons.
| jThe employment agreements in this case (the contract) entered into by New-som and Pavlu with their employer, Global Data Systems, are binding contracts for at-will employment. The words in the contract are clear and explicit, do not lead to absurd consequences, are not ambiguous, and are not contrary to any public policy.
Newsom testified that he read the contract before he signed it and understood that by signing it he was agreeing to its *790 terms. Pavlu, on the other hand, testified that he did not read the contract; however, by law, he is nonetheless bound by it. McGoldrick v. Lou Ana Foods, Inc., 94-400 (La.App. 3 Cir. 11/2/94), 649 So.2d 455.
Paragraph 6.C. of the contract requires an employee to reimburse the company for funds expended by the company for the employee’s education or training within the twelve months immediately preceding the employee’s |gseparation from the company. Paragraph 6.B. recognizes and authorizes an offset by the company against any sums the company owes to its employee.
In my view, the deductions by Global Data Systems from Newsom and Pavlu’s final wages were a lawful offset as set forth and agreed to pursuant to a lawful and binding contract upon termination of their respective employment.
I respectfully disagree with the majority opinion in this case and dissent therefrom. I would affirm the trial court judgment in all respects.